PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES FRAZIER, | ) | |
| | ) | CASE NO. 4:20CV1117 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARK K. WILLIAMS, Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

**I. Background**

*Pro se* Petitioner James Frazier, a federal prisoner incarcerated at FCI Elkton ("Elkton"), has filed an Emergency Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No 1) seeking immediate release from prison to home confinement on the basis of the COVID-19 pandemic and the outbreak of the virus at Elkton. He contends that the conditions under which he is incarcerated at Elkton violate his rights under the Eighth Amendment. Petitioner asserts the coronavirus is "ravaging the facility," and that the Federal Bureau of Prisons ("BOP") is failing to take appropriate steps to provide him a healthy and safe environment. ECF No. 1 at PageID #: 2.

**II. Standard of Review**

Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate for claims challenging the execution or manner in which a prisoner's sentence is served. *Wilson v. Williams*, 455 F. Supp.3d 467, 475 (N.D. Ohio

(4:20CV1117)

2020) (Gwin, J.), *vacated on other grounds*, 961 F.3d 829 (6th Cir. 2020). Federal district courts must conduct an initial review of habeas corpus petitions. See 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 Fed.Appx. 544, 545 (6th Cir. 2011). A district court must deny a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. See *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

### III. Discussion

This action is duplicative of another action in which Petitioner has been identified as an effected party. In another § 2241 habeas case pending in the Northern District of Ohio, United States District Judge James Gwin determined that a subclass of Elkton inmates are especially medically vulnerable to COVID-19 ("Vulnerable Subclass"). He directed the BOP to immediately identify inmates who meet the criteria of the Vulnerable Subclass and to evaluate each subclass members' eligibility for transfer out of Elkton. See *Wilson*, 455 F. Supp.3d at 481. Petitioner was identified by the BOP as a member of the Vulnerable Subclass in that case. See ECF No. 35-1 filed in *Wilson* at PageID #: 533. The members of the Vulnerable Subclass in *Wilson*, which includes Petitioner, seek release to home confinement, parole, or halfway house. *Wilson*, 455 F. Supp.3d at 473-74. That case remains pending. In recent weeks, the parties in *Wilson* "have continued to make substantial progress in settlement discussions, and are

(4:20CV1117)

continuing to negotiate particular terms to resolve th[e] matter." ECF No. 243 filed in *Wilson* at PageID #: 1888.

Subsequent to *Wilson* being filed, Petitioner filed the above-entitled separate action seeking release from Elkton to home confinement or immediate furlough because of his medical vulnerability to COVID-19. The Petition (ECF No 1) is duplicative of the *Wilson* case because Petitioner, as a member of the Vulnerable Subclass, asserts the same claims and seeks the same relief in both actions. Therefore, the case at bar must be dismissed without prejudice. *See Davis v. U.S. Parole Comm'n*, No. 88-5905, 1989 WL 25837 (6th Cir. March 7, 1989) (a district court may properly dismiss a habeas petition as duplicative where the petition is "essentially the same" as a previously-filed pending petition); *see also Chastain v. Williams*, No. 4:20-CV-01036, 2020 WL 5994519, at *2 (N.D. Ohio Oct. , 2020) (Barker, J.) (collecting dismissed habeas petitions of vulnerable subclass members as duplicative of *Wilson* case).

## IV. Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

|   |   |
|---|---|
|   October 30, 2020 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |